**Willie Ray JONES, Plaintiff— Appellant,**

v.

**Robert I. BAYSINGER, Deputy District Attorney; et al., Defendants— Appellees.**

**No. 04–16944.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Willie Ray Jones, a California state inmate, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that various prison officials violated his constitutional rights and failed to provide adequate medical care when Jones was attacked after he was placed in a holding cell with an individual that Jones had previously assaulted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003), and we affirm.

The district court properly dismissed for failure to exhaust administrative remedies Jones' claim that Baysinger, Dunn, Picone and Lowery conspired to violate Jones' civil rights by knowingly placing Jones in a holding cell with Michael Deeds, an individual whom Jones had assaulted in the past. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The district court properly determined that Deputy District Attorney Baysinger is entitled to prosecutorial immunity on Jones' claim that Baysinger denied him equal protection by failing to criminally charge Deeds. *See Karam*, 352 F.3d at 1195. The district court also properly determined that Jones failed to state a claim that Dunn, Picone, and Lowery denied him equal protection by failing to criminally charge Deeds because, as members of the sheriff's department, they had no authority to do so.

The district court properly dismissed Jones' section 1983 claim against Hudson, Jones' court-appointed attorney, because Hudson was not acting under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

We affirm the district court's summary judgment on Jones' medical indifference claim because the evidence establishes that Kirchubel was not responsible for treating Jones after the attack by Deeds, Jones received adequate medical attention after the attack, and Jones did not seek further medical attention. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (affirming summary judgment for defendant in prisoner's section 1983 action based on affidavits evidencing no personal participation in allegedly wrongful actions). We also affirm the district court's summary judgment on this claim as to Sheriff Dunn, because the evidence demonstrates that Dunn did not participate in the decision to place Jones with Deeds, and there is no evidence that he participated in, directed, or knew of the alleged denial of medical treatment and failed to prevent it. *See id.*

The district court did not abuse its discretion in denying Jones' request for additional discovery because he did not file an affidavit, pursuant to Fed.R.Civ.P. 56(f), demonstrating how additional discovery would have precluded summary judgment. *See Qualls ex rel. Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir.1994).

Jones' request for appointment of counsel is denied because this appeal does not present exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.